IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| THE PROJECT GROUP, INC. | § | CASE NO: 05-40979 |
|    Debtor(s) | § | |
| | § | CHAPTER 11 |

### MEMORANDUM OPINION CONCERNING MOTION (doc # 153) FOR *NUNC PRO TUNC*  RELIEF FROM THE AUTOMATIC STAY

In docket # 153, Charlsie Idol ("Idol") seeks retroactive relief from the stay to proceed with Sarbanes-Oxley claims against Debtor.  Idol contends that the Court intended to grant her relief from the stay in an order issued earlier in this case.  Respondents argue that the previous order granting relief from the stay related only to state court claims and did not explicitly extend to the Sarbanes-Oxley or other claims; therefore, they oppose retroactive relief.  After review of the evidence and the record, the Court agrees with Idol and by separate order issued this date modifies the previous order (docket # 98) to grant relief from the stay retroactively with respect to the Sarbanes-Oxley claims and any other claims related to the conduct and events alleged in the motion to lift stay.

### FACTS

On September 21, 2005, Idol filed a motion for relief from stay (doc # 61).  That motion alleged that Debtor terminated Idol's employment under circumstances that support a claim by Idol against Debtor and against related parties under state law, under the Sarbanes-Oxley statute, and under federal law prohibiting sex discrimination.  The motion alleges that prior to the date that the Debtor filed its bankruptcy petition, Idol had filed an administrative complaint with the Department of Labor under Sarbanes-Oxley, had filed a state court action, and had commenced legal proceedings in the EEOC.  The motion further alleges that when Debtor filed its bankruptcy petition, Debtor removed the state court lawsuit to the bankruptcy court as Adversary Proceeding 05-3597.  In a separate motion in the adversary proceeding filed the same day as the motion to lift stay, Idol asked the Court to remand the removed action.

The motion for relief from the stay alleges:  "As a corollary to her Motion to Remand, Ms. Idol now asks this Court to lift the automatic stay ... and allow her lawsuit against them to proceed, whether in state court ... or in federal court."[1]  The conclusion of the motion is "... Idol ... respectfully requests that this Court ... award her such other relief to which she is justly entitled."

By agreement of the parties, the motion to lift stay was set for hearing with the motion to remand.

---

[1] An adversary proceeding is separate from the "main case" to which it pertains in that it contains its own docket and has separate scheduling.  Therefore, movant was required to seek the relief in separate motions.

The focus of the combined hearings was the state court action that had been removed to the bankruptcy court.  Sarbanes-Oxley or other claims were for all practical purposes, ignored; they were neither included in the context of the hearing or expressly excluded.  On November 1, 2005, the Court issued an order, entirely authored by the Court, that stated "the automatic stay is modified with respect to adjudication and liquidation of the claims formerly removed to this Court as adversary proceeding 05-3597.  The stay is not terminated or modified to allow execution of any judgment against the Debtor in this case or against property of the estate." (doc # 98).[2]

Subsequent to the hearing and issuance of that order, Debtor's counsel, Idol's counsel, and counsel for related parties all proceeded with prosecution of the Sarbanes-Oxley action.  The manner in which they did so convinces the Court that all parties in attendance at the October 31 hearing believed that the Court lifted the automatic stay as to both the state court action and the Sarbanes-Oxley action.  Mr. Freidman, counsel for the Debtor, testified that he attended the October 31 hearing and that he believed, until early March, 2006, that the stay had been lifted with respect to the Sarbanes-Oxley claim.

In December, 2005, the Court appointed a trustee to replace the debtor in possession as the entity in control of the case.  The trustee engaged Ms. Holly Williamson as his counsel.  Ms. Williamson had had no connection with the case prior to her engagement by the trustee, but she reviewed the docket and concluded that the Court's order of November 1 had not lifted the stay as to the DOL action.  Ms. Williamson expressed that opinion to the Administrative Law Judge (ALJ) presiding over the Sarbanes-Oxley matter and the ALJ instructed the parties to return to the bankruptcy court for clarification of the November 1 order.  Idol filed a complaint for *de novo* review in the federal district court.

On February 17, 2006, Idol filed the instant motion for retroactive relief from the automatic stay (doc # 153).  That motion was heard on May 1, 2006.

On November 1, the Court intended to lift the automatic stay to allow liquidation of all claims related to the allegations of wrongful termination of employment and related misconduct as alleged in the motion to lift stay (docket # 61).

The automatic stay is not designed to insulate the estate from liquidation of claims against it.  The automatic stay merely

> ... [G]ives the debtor a breathing spell from creditors and stops foreclosure actions, collection efforts, and creditor harassment. A debtor who seeks a fresh start is afforded a rehabilitation opportunity free from the financial pressures and problems which caused the debtor to seek relief under the Code ... the automatic stay is designed to promote the orderly administration of the bankruptcy estate. [2 Norton Bankr. L. & Prac. 2d § 36:4]

The bankruptcy case had been pending for 3.5 months when the order for relief from the stay

---

[2] The form of order proposed by Idol simply stated that "Creditor, Charlsie Idol's, Application to Lift Automatic Stay is GRANTED."  One reason that the Court declined to use movant's form of order because it did not reserve execution on adjudicated claims from the extent of the relief granted.

was granted. Actions were already pending in a state court and in an administrative agency, both of which have greater expertise than a bankruptcy court regarding liquidation of the types of claims alleged. Non-debtor parties were additional defendants in some or all of those actions. The order clearly indicated that the Court wanted those causes of action to be determined in fora with greater expertise and with more certain jurisdiction over non-debtor parties. But the Court wanted to withhold execution against Debtor and against property of the estate until further relief was requested and obtained from the bankruptcy court.

The Court would not have remanded some legal theories while retaining jurisdiction over other legal theories. The underlying facts and events of all of the legal theories are essentially the same; therefore, if the Court intended to withhold to the bankruptcy court determination of any of these claims, for efficiency and economy it would have retained jurisdiction over all legal theories. It would not have remanded part and withheld part, resulting in multiple trials on the same facts. In addition, since the respite in legal activity, which is the *raison d'etre* of § 362, had been terminated with respect to some legal theories, there would be no reason to withhold adjudication of other legal theories. Once the respite was terminated as to one legal theory, the objective of § 362 would not be served by withholding adjudication on other legal theories.

The Court concluded that remanding determination of liability *vel non* while continuing to prohibit execution against Debtor and against property of the estate was the procedure that would best provide for the orderly administration of the bankruptcy estate. Unfortunately, the Court did not make that explicit in the order.

## CONCLUSION

Rule 60 of the Federal Rules of Civil Procedure, adopted in bankruptcy matters by Rule 9024 of the Federal Rules of Bankruptcy Procedure, authorizes the Court to correct clerical mistakes or oversights. After review of the pleadings, hearings, and order for relief from the stay issued November 1 (docket # 98) the Court concludes that the order it issued did not adequately define the relief that the Court intended to grant. Therefore, by separate order issued this date, the Court corrects its prior order, although the Court notes that no one misunderstood the prior order until someone fresh to the case read it in isolation.

Bankruptcy Code § 362(d) authorizes a bankruptcy judge to grant retroactive relief from the stay. The Court also issues the separate order under authority of § 362(d).

SIGNED 06/28/2006.

*Wesley W. Steen*
WESLEY W STEEN
United States Bankruptcy Judge